IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CALVIN LEON LEE,                          )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )    Case No. CIV-11-05-R
                                          )
BOARD OF COUNTY                           )
COMMISSIONERS OF THE COUNTY               )
OF GRADY, LT. CHRIS RILEY,                )
DR. CARL LAFFOON, and DR. HOLY,           )
                                          )
            Defendants.                   )

## REPORT AND RECOMMENDATION

Invoking 42 U.S.C. § 1983, Mr. Calvin Lee seeks money damages stemming from an injury sustained in prison.  He challenges his care immediately following the injury, cell conditions that allegedly exacerbated the injury, and the medical care provided to treat his pain.  The Defendants move to dismiss the claims and the Court should grant the motions. The suit against the county fails to include allegations of a wrongful policy or custom, the claims against Lt. Riley are time-barred, and the causes of action against Dr. Holy and Nurse Laffoon reflect only disagreement about the quality of medical care.

### BACKGROUND

In March 2009, Mr. Lee's cot collapsed at the jail in Grady County and he injured his back.  Jail officials provided immediate treatment, taking him to a hospital emergency room. When Mr. Lee returned to the jail, he spent the next few days in a holding cell.

The Plaintiff alleges persistent back and extremity pain.  Since the injury, one doctor has diagnosed Mr. Lee as suffering from a "sciatic nerve problem."[1]  As acknowledged by Mr. Lee, medical providers at the jail have prescribed medication to treat the pain and have authorized MRI tests.

Mr. Lee claims that his punishment is cruel and unusual because: (1) he was denied proper medical care at the time of the injury and for a period of at least 21 months thereafter; and (2) immediately following the injury, jail officials made him sleep on a concrete floor with only a thin mattress.

<u>STANDARD FOR DISMISSAL</u>

In each motion, the defendant requests dismissal based in part on Federal Rule of Civil Procedure 12(b)(6).[2]  Under Rule 12(b)(6), the Court considers whether Mr. Lee has pled "enough facts to state a claim to relief that is plausible on its face."[3]  Facial plausibility would exist if the facts alleged in the second amended complaint would allow a reasonable

---

[1]    *See* Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 4, Exhibit A (Feb. 14, 2012) (Doc. 51).

[2]    The Defendants also urge dismissal based in part on Federal Rule of Civil Procedure 8(a). *See* Defendants Board of County Commissioners of the County of Grady and Lt. Chris Riley's Motion to Dismiss Plaintiff's Second Amended Civil Rights Complaint and Brief in Support at p. 2 (Apr. 11, 2012) (Doc. 63); Defendant Vladimir Holy's Motion to Dismiss Plaintiff's Second Amended Complaint and Supporting Brief at pp. 2-4 (Apr. 17, 2012) (Doc. 66); Motion of the Defendant Dr. Carl Laffoon to Dismiss Plaintiff's Complaint and Brief in Support at pp. 2-6 (Apr. 17, 2012) (Doc. 67).  However, the Court need not consider the arguments under Rule 8(a) in light of the need for dismissal under Rule 12(b)(6).

[3]    *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

inference that the defendant is liable for the alleged misconduct.[4]  The Court must accept as true all well-pleaded factual allegations in the second amended complaint, but "dismissal is appropriate where 'the well-pleaded facts [would] not permit the court to infer more than the mere possibility of misconduct.'"[5]

DISMISSAL OF CLAIMS AGAINST THE COUNTY AND
OFFICIAL-CAPACITY CLAIMS AGAINST LT. RILEY

The Court should dismiss the claims against the county and the official-capacity claims against Lt. Riley.

Mr. Lee alleges that the county "should be held responsible for failure to diagnose and properly provide adequate medical and housing treatment for an incident and injury of this nature and effect."[6]  But county liability arises under Section 1983 only if the alleged wrongdoing has resulted from a policy or custom.[7]

---

[4]     *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5]     *Al-Owhali v. Holder*, __ F.3d __, 2012 WL 3181832 at *1 (10th Cir. Aug. 7, 2012) (for publication) (citations omitted).

[6]     Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 4, Exhibit A (Feb. 14, 2012) (Doc. 51).

[7]     *See Winters v. Board of County Com'rs.*, 4 F.3d 848, 855 (10th Cir. 1993) ("[I]n order for the County . . . to be liable under § 1983 the constitutional violation must be a result of a government custom or policy." (citation omitted)).

3

In his response to the motion to dismiss, Mr. Lee states that the county bears responsibility because it "run[s] the jail."[8] But the Plaintiff has not pointed to a county policy or custom.[9] Thus, Mr. Lee has failed to state a valid Section 1983 claim against the county.

The official-capacity claims against Lt. Riley are also facially invalid. An official-capacity claim is essentially a claim against the county and, as discussed, Mr. Lee has failed to allege facts that would create county liability.[10]

## DISMISSAL OF INDIVIDUAL-CAPACITY
## CLAIMS AGAINST LT. RILEY

The second amended complaint includes an Eighth Amendment claim involving deliberate indifference to medical needs against Lt. Riley in his individual capacity. According to Mr. Lee, he returned from the hospital after the collapse of his cot and requested pain medicine "[t]hroughout the night."[11] But Lt. Riley allegedly ignored the

---

[8]     Plaintiff's Motion to Admit His Second Admended [sic] Complaint and Brief in Support at p. 5 (June 20, 2012) (Doc. 80).

[9]     *See Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998) ("The County may be held liable under 42 U.S.C. § 1983 only for its own unconstitutional or illegal policies and not for the tortious acts of its employees." (citation omitted)).

[10]     *See Porro v. Barnes*, 624 F.3d 1322, 1328 (10th Cir. 2010) (a Section 1983 claim against a state actor in his official capacity is "essentially another way of pleading an action against the county or municipality").

[11]     Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 4, Exhibit A (Feb. 14, 2012) (Doc. 51).

4

requests and told  Mr. Lee to "'lay [his] black ass down'" and stop creating worries.[12]  These

allegations are untimely.

Under Federal Rule of Civil Procedure 12(b)(6), the Court can consider the statute of

limitations only when a time-bar is apparent on the face of the complaint.[13]  To make this

determination, the Court is confined to "the four corners of the complaint."[14]

A two-year statute of limitations period governs the § 1983 claims.[15]

Mr. Lee filed the original complaint on January 3, 2011, within the two-year

limitations period.  The body of that document referred to Lt. Riley, but he was not named

as a defendant.  Thus, the limitations period continued to run on a claim against Lt. Riley.

Because his alleged misdeeds took place in March 2009, the limitations period would

have expired in March 2011.[16]  Nine months later, Mr. Lee filed a first amended complaint.

---

[12]     Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 4, Exhibit A (Feb. 14, 2012) (Doc. 51).

[13]     *See Bullington v. United Air Lines, Inc.*, 186 F.3d 1301, 1310 n.3 (10th Cir. 1999) ("Rule 12(b)(6) is a proper vehicle for dismissing a complaint that, on its face, indicates the existence of an affirmative defense such as noncompliance with the limitations period." (citations omitted)), *overruled in part on other grounds*, *Boyer v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1140 (10th Cir. 2003); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

[14]     *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir. 1995) (citation omitted).

[15]     *See McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) ("The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of limitations in the state in which the claim arose, and in Oklahoma, that period is two years." (citations omitted)).

[16]     Mr. Lee alleges two different dates for the injury in the second amended complaint.  In Count II, he states that the injury was sustained on March 3, 2009; but in the "Nature of the Case" section
(continued...)

He again identified Lt. Riley in the body of the amended complaint, but did not name him as a defendant.

A second amended complaint was filed in January 2012. Although Mr. Lee did name Lt. Riley as a defendant in this document, it was a nullity because Mr. Lee did not obtain leave to file it.[17]

Mr. Lee properly filed a second amended complaint in February 2012 and again named Lt. Riley as a defendant.

The first and second amended complaints were filed more than two years after Lt. Riley's alleged misconduct. Thus, the claims against Lt. Riley can only be considered timely if the second amended complaint had "related back" to the filing of the initial complaint on January 3, 2011.

Under Federal Rule of Civil Procedure 15(c)(1)(C)(ii), Mr. Lee must show that:

- he had "made a mistake about the actual identity of the proper defendant"[18] and

---

[16](...continued)
of the second amended complaint, he refers to the date as March 9, 2009. *See* Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at pp. 3-4, Exhibit A (Feb. 14, 2012) (Doc. 51). The exact date is not critical because the claims against Lt. Riley would be time-barred based on wrongdoing by Lt. Riley on either March 3 or March 9, 2009.

[17]     *See* Order (Jan. 18, 2012) (Doc. 44).

[18]     *Morel v. DaimlerChrysler AG*, 565 F.3d 20, 27 (1st Cir. 2009) (citation omitted).

- Lt. Riley received notice "within the period provided by Rule 4(m) for serving the summons and complaint."[19]

Mr. Lee cannot satisfy either of these requirements.

He knew of Lt. Riley's role and even referred to it in the original and first amended complaints.[20]  The failure to name Lt. Riley as a party might have constituted an error in litigation strategy, but it was not "a mistake concerning the proper party's identity."[21]

The Plaintiff would also be unable to show notice to Lt. Riley within the time period for service of the original complaint.  Federal Rule of Civil Procedure 4(m) requires service within 120 days of the filing of the complaint.[22]  Because of the need for screening, however, the Court delayed the start of the 120-day period until the authorization of service on January 21, 2011.[23]  With this start-date, the period for service ended on May 21, 2011.[24]  Because this deadline fell on a Saturday, the last day for notice would have been the next business day (May 23, 2011).[25]

---

[19]    Fed. R. Civ. P. 15(c)(1)(C).

[20]    *See supra* pp. 5-6.

[21]    Fed. R. Civ. P. 15(c)(1)(C)(ii).

[22]    *See* Fed. R. Civ. P. 4(m).

[23]    *See* Order Requiring Service & Special Report at p. 2 ¶ 6 (Jan. 21, 2011) (Doc. 9).

[24]    Once the second amended complaint was filed, the Court gave the Plaintiff another 120 days to serve Lt. Riley.  Order Requiring Service at p. 1 ¶ 1 (Feb. 17, 2012) (Doc. 52).  However, this time-period did not affect Rule 15(c)(1)(C) because it did not relate to service of the original complaint.  *See supra* pp. 6-7.

[25]    *See* Fed. R. Civ. P. 6(a)(1)(C).

Notwithstanding this deadline, Mr. Lee waited until February 2012 to initiate a claim against Lt. Riley through the filing of a second amended complaint.[26]  Thus, there is no reason to believe that Lt. Riley had learned of the suit within the deadline for service under Rule 4(m).  Without the ability to use the filing of the original complaint as the operative date, the individual-capacity claim against Lt. Riley would be time-barred.[27]  As a result, this defendant is entitled to dismissal.

DISMISSAL OF CLAIMS AGAINST
VLADIMIR HOLY AND CARL LAFFOON[28]

Mr. Lee brings Eighth Amendment claims against Doctor Holy and Nurse Laffoon.[29] These claims should be dismissed.

The Plaintiff makes two statements about his requests for pain relief:

- "I've seen Dr. Carl Laffoon and Dr. Holy asking both of them to help me with the pain."

- "Dr. Holy told me that I have a 'sciatic nerve' problem resulting from swelling in my back due to the injury."[30]

---

[26]    *See supra* p. 6.

[27]    *See supra* p. 6.

[28]    Mr. Lee identifies Defendant Laffoon as a medical doctor.  In his dispositive motion, Defendant Laffoon clarifies that he is not a medical doctor but a certified nurse practitioner.  *See* Motion of the Defendant Dr. Carl Laffoon to Dismiss Plaintiff's Complaint and Brief in Support at p. 1(Apr. 17, 2012) (Doc. 67).

[29]    Mr. Lee states in response to the dispositive motions by Defendants Holy and Laffoon that he has not sued them for the conditions of confinement.

[30]    Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 4, Exhibit A (Feb. 14, 2012) (Doc. 51).

Mr. Lee acknowledges an MRI and prescriptions for "Tramadol, Flexeril and Ibuprofen (800mg)," but alleges that the "pain is still with [him]" and that the doctors failed to provide a correct diagnosis.[31]

In responding to the Defendants' motions, Mr. Lee makes five statements:

- "Dr. Holy should have known or assumed that the Plaintiff needed more than just pills."[32]

- He has suffered pain for more than 21 months and the pain "should have been taken care of within the first month."[33]

- Nurse Laffoon "should have known that there could possibly [be] something seriously wrong with the Plaintiff."[34]

- The "medication was not working only masking the pain."[35]

- Defendant Laffoon "could have sent the Plaintiff to a specialist."[36]

---

[31]    Amended Civil Rights Complaint Pursuant to 42 U.S.C. § 1983 at p. 4, Exhibit A (Feb. 14, 2012) (Doc. 51).

[32]    Plaintiff's Calvin Leon Lee's Motion to Admit His Second Amended Complaint and Supporting Brief at p. 3 (June 20, 2012) (Doc. 81) (construed as a response).

[33]    Plaintiff's Calvin Leon Lee's Motion to Admit His Second Amended Complaint and Supporting Brief at p. 3 (June 20, 2012) (Doc. 81) (construed as a response).

[34]    Motion of Plaintiff Calvin Leon Lee to Admit His Amended Complaint and Brief in Support at p. 3 (June 20, 2012) (Doc. 82) (construed as a response).

[35]    Motion of Plaintiff Calvin Leon Lee to Admit His Amended Complaint and Brief in Support at p. 3 (June 20, 2012) (Doc. 82) (construed as a response).

[36]    Motion of Plaintiff Calvin Leon Lee to Admit His Amended Complaint and Brief in Support at p. 3 (June 20, 2012) (Doc. 82) (construed as a response).

These allegations would only be actionable if they had indicated deliberate indifference on the part of Dr. Holy or Nurse Laffoon.[37]  They hadn't.

Disagreements with the treatment provided by prison medical staff do not suggest deliberate indifference for purposes of the Eighth Amendment.[38]

Mr. Lee has not gone further to allege facts indicating deliberate indifference by Dr. Holy or Nurse Laffoon.  The Plaintiff simply alleges a failure to properly diagnose the cause of the pain rather than a refusal to try to help.

The Plaintiff does argue that he needs "more than just pills."[39]  But he acknowledges treatment for the pain that included an MRI and a medication regimen of Tramadol, Flexeril, and 800-milligram Ibuprofen.[40]  Mr. Lee's disapproval of the treatment does not support a claim under the Eighth Amendment.

A similar issue arose in *Holt v. Werholtz*, 185 F. App'x 737 (10th Cir. 2006).  There a prisoner alleged severe pain and complained that he was receiving only 800 milligrams of Ibuprofen even though he needed corrective surgery.[41]  The Tenth Circuit Court of Appeals

---

[37]    *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005).

[38]    *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010).

[39]    *See supra* p. 9.

[40]    *See supra* pp. 8-9.

[41]    *See Holt v. Werholtz*, 185 F. App'x 737, 740 (10th Cir. 2006).

held that these allegations did not state an Eighth Amendment claim because the inmate had acknowledged treatment through the supply of 800-milligram Ibuprofen.[42]

Like the inmate in *Holt*, Mr. Lee acknowledged that he was receiving 800 milligrams of Ibuprofen.[43]  In addition, Mr. Lee conceded in the second amended complaint that he had been given Flexeril and Tramadol for the pain.[44]  Under *Holt*, those concessions are fatal to an Eighth Amendment claim.[45]  As a result, the Court should dismiss the Eighth Amendment claims against Dr. Holy and Nurse Laffoon.

## DISMISSAL WITH/WITHOUT PREJUDICE AND WITH/WITHOUT LEAVE TO AMEND

When a *pro se* complaint is defective and the shortcomings are potentially curable, the Court should generally make the dismissal without prejudice and with leave to amend.[46] At the same time, however, the Court need not permit an amendment when it would prove futile or create a moving target for the defendant.[47]

---

[42]     *Holt v. Werholtz*, 185 F. App'x 737, 741 (10th Cir. 2006).

[43]     *See supra* p. 9.

[44]     *See supra* p. 9.

[45]     *See supra* pp. 10-11.

[46]     *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (stating that a dismissal should be without prejudice and with leave to amend when a *pro se* litigant's pleading defects are potentially curable).

[47]     *See Rosenfield v. HSBC Bank, USA*, 681 F.3d 1172, 1189 (10th Cir. 2012) (stating that dismissal with prejudice is appropriate when amendment of the complaint would be futile); *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006) ("[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving (continued...)

In balancing these principles, the Court should separately analyze the Plaintiff's potential right to amend for each of the four defendants: the county, Dr. Riley, Dr. Holy, and Nurse Laffoon.

The county was a defendant in the original complaint, and the Court dismissed the claim against this entity based on Mr. Lee's failure to allege a policy or custom.[48] This defect continues to exist with the second amended complaint, and the Court need not give Mr. Lee a fourth opportunity to assert a policy or custom against the county.  His three prior opportunities should lead the Court to make the dismissal with prejudice for the claim involving the county.

As discussed above, the claim against Lt. Riley is barred by the statute of limitations.[49] And, if the second amendment complaint was filed too late for Lt. Riley, the same would

---

[47](...continued)
target'" (citation omitted)).

[48]      Report and Recommendation: The Defendants' Dispositive Motion at pp. 7-8 (Nov. 18, 2011) (Doc. 31) (report by magistrate judge), *adopted*, Order (Jan. 3, 2012) (Doc. 37) (order by the district judge, adopting the magistrate judge's report).

[49]      *See supra* pp. 4-8.

necessarily be true for a third amended complaint.[50]   Accordingly, the Court should also make the dismissal with prejudice on the claim against Lt. Riley.[51]

The circumstances are different for the claims involving Dr. Holy and Nurse Laffoon. These two individuals were not identified as defendants until the second amended complaint. And, the Court cannot rule out the possibility that the Plaintiff could cure the pleading defect with respect to these individuals.   As a result, the Court should make dismissal of the claims against Dr. Holy and Nurse Laffoon without prejudice and with leave to amend within 21 days.[52]

### SUMMARY OF THE RECOMMENDED RULINGS

The Court should grant the motions to dismiss on the claims against the county, Lt. Riley, Dr. Holy, and Nurse Laffoon.   For the claims against the county and Lt. Riley, the dismissals should be with prejudice.   For Dr. Holy and Nurse Laffoon, however, the dismissals should be without prejudice and with leave to amend within 21 days.

---

[50]     *See, e.g.*, *AdvantEdge Business Group, L.L.C. v. Thomas E. Mestmaker & Associates*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("This court has recognized that a dismissal without prejudice can have the practical effect of a dismissal with prejudice if the statute of limitations has expired." (citation omitted)).

[51]     *See Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010) (stating that leave to amend was unnecessary for claims barred by the statute of limitations because amendment would have been futile).

[52]     *See Stepnay v. Goff*, 164 F. App'x 767, 769, 771-72 (10th Cir. 2006) (holding that the district court should have made the dismissal without prejudice, rather than with prejudice, because of the possibility that the plaintiff might be able to amend to allege facts indicating deliberate indifference even if this possibility had been unlikely).

## NOTICE OF THE RIGHT TO OBJECT

The parties can object to this report and recommendation.  Any such objection must be filed with the Clerk of this Court by September 22, 2012.[53]  The failure to timely object would foreclose appellate review of the suggested rulings.[54]

## STATUS OF THE REFERRAL

The referral is discharged.

Entered this 5th day of September, 2012.


_Robert E. Bacharach_
Robert E. Bacharach
United States Magistrate Judge

---

[53]    *See* Fed. R. Civ. P. 6(d), 72(b)(2); 28 U.S.C.A. § 636(b)(1) (2010 supp.).

[54]    *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).