IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CALVIN LEON LEE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-05-R |
| | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF GRADY COUNTY, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is the Report and Recommendation of United States Magistrate Judge Robert E. Bacharach entered September 5, 2012 [Doc. No. 85]. Plaintiff has filed an Objection to the Report and Recommendation. Doc. No. 90. Therefore, pursuant to 28 U.S.C. § 636(b)(1)(B), the Court reviews the Report and Recommendation *de novo* in light of Plaintiff's Objection.

Plaintiff states that he doesn't understand why the Board of County Commissioners of Grady County is not responsible for Plaintiff's well-being. However, the Magistrate Judge made it clear that Grady County (which is sued by naming the Board of County Commissioners) cannot be liable under 42 U.S.C. § 1983 unless Plaintiff alleged that some custom or policy of the County caused the alleged deprivation of Plaintiff's constitutional rights. *See* Report and Recommendation [Doc. No. 85] at p. 2 & n. 9, citing *Barney v. Pulsipher*, 143 F.3d 1299, 1307 (10th Cir. 1998). Because Plaintiff's claim against Defendant Riley in his official capacity is in reality also a claim against the County, that claim suffers from the same invalidity – the failure to allege that any County custom or policy caused the alleged deprivation of Plaintiff's constitutional rights.

Plaintiff does not object to the conclusion that his claim against Defendant Riley in his individual capacity is barred by the applicable statute of limitations.

With respect to his claims against Defendants Vladimir Holy and Cal Laffoon, Plaintiff merely asserts that his allegations show deliberate indifference on the part of those Defendants. But the Magistrate Judge explained and this Court agrees that Plaintiff alleges only a failure to properly diagnose the cause of Plaintiff's pain rather than a refusal to try to help, Report and Recommendation at p. 10, or a disagreement as to the proper treatment, rather a disregard of Plaintiff's pain and failure to treat it. Thus, Plaintiff's allegations do not state an Eight Amendment claim. *See Holz v. Werholtz*, 185 Fed. Appx. 737 at * 3 (10th Cir. June 22, 2006).

In accordance with the foregoing, the Report and Recommendation of the Magistrate Judge [Doc. No. 85] is ADOPTED; Plaintiff's claims against Defendants Board of County Commissioners and Lt. Riley in his official and individual capacities are DISMISSED with prejudice; and Plaintiff's claims against Defendants Holy and Laffoon are DISMISSED without prejudice. Plaintiff is granted leave to amend his Complaint as to Defendants Holy and Laffoon within ten (10) days of the date of this Order to cure his pleading deficiencies in his claims against those two Defendants, if he can do so.

IT IS SO ORDERED this 17th day of October, 2012.

_David L. Russell_
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE